**John E. TRUMBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35757.**

Court of Criminal Appeals of Texas.

May 1, 1963.

Robert F. Salmon, Linden, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of equipment for the manufacture of illicit whiskey, with a prior offense of the same nature alleged for enhancement; the punishment, one year in jail and a fine of $200.00.

Liquor control inspector McVay testified that on the day in question, in company with alcohol tax agents Ehret and Daniels, he approached a spot where he had theretofore observed a whiskey still and saw a colored man whom he did not know and appellant whom he did recognize; that as soon as the two saw him and the other officers they both ran. The colored man was overtaken, arrested, and brought back to the still which was in operation, but appellant was not apprehended until later in the morning. Officer Ehret corroborated McVay's testimony; however, he was unable to identify appellant as being one of the two men found at the still but testified that he chased Hardy White until he caught him.

Hardy White, who was also charged with the offense in question, testified that appellant approached him approximately a month prior to his arrest and inquired of him as to a good location in which to put up a whiskey still; that he pointed out the spot where he was later apprehended and helped appellant set up and put into operation the still which was later found by the officers, for which services he was paid by appellant;

**334**

and that they had made three "runs" before they were arrested.

Appellant and his witnesses testified to an alibi, and he denied any knowledge of the still or White, but admitted the prior conviction.

■ The jury resolved the issue of alibi against appellant. The sole contention advanced in the brief is the sufficiency of the evidence to corroborate the testimony of the accomplice witness White. While McVay's testimony placed appellant at the scene of a secluded operating still and showed that he fled upon the arrival of the officers, under the terms of Article 666–23a (8), V.A.P.C., this conviction might be sustained upon White's testimony alone.

■ Finding the evidence sufficient to support the conviction, the judgment of the trial court is affirmed.